JUDGES—COLLETT AND WRIGHT.

---

### HORTON v. JENKINS.

Certifying a cause from the Common Pleas—jurisdiction—quorum of judges.

Where a cause is certified to the Supreme Court, from the Court of Common Pleas, because there is no disinterested quorum in that court to try the cause, the certificate must show there is no disinterested court; the temporary absence or disability of one of the judges makes no case to be certified up under the statute.

THIS cause was certified from the Court of Common Pleas under our statute, because there was not a disinterested quorum of judges in that court. It appeared on the certificate, that the president judge had been formerly counsel in the cause, and that one of the associate judges was absent during the term at which it was certified up.

BY THE COURT. The case is not properly on the docket, and must be struck off. We have no jurisdiction to proceed in the case. The statute authorizes causes to be certified from the courts of Common Pleas to this court, when there is not a disinterested quorum of judges in the Court of Common Pleas to try the cause. It was not intended to afford to parties the right to certify causes to this court, if one or more of the judges happened to retire from the courthouse, or be absent a day, or even a term. The design was, only to confer that privilege when a trial could not be had in the Court of Common Pleas, by reason of two or more of the four judges having an interest in the controversy.